I'd like for the attorneys to step up to the podium with the appellate going first. I'd like for you to tell me who you represent, tell me your name, who you represent, and approximately how long your argument will take. Good morning, counsel. Good morning. My name is Ginger Odom. I represent Michael Bolden. I think my argument opening should take about 10 minutes. If I'd like to reserve a couple minutes for my battle, please. Very good, Ms. Odom. Good morning, Your Honor. My name is Mary Hadson-Viola. I represent the people of the state of Illinois, and I expect my argument will be no longer than 15 minutes. Very good. Thank you. Ms. Odom, you can proceed with your argument. Good morning. May it please the Court, I represent Michael Bolden. Your Honors, this is a simple procedural case with a simple procedural solution, and the focus of this case is Judge Clay. Judge Burns did the right thing in sending the case out for hearing on Mr. Bolden's 114-5 substitution of judge motion. Was he required to send that motion out? Yes. The plain language of the statute says that upon the filing of such a motion, the court, a judge not named in the motion, shall, the case shall be sent out to a judge not named in the motion, and the court shall conduct the hearing. But aren't there some requirements that the movement must comply with in order for the judge to be required to send it out? Yes, sir. There has to be something more than just a bald assessment or assertion of bias, and Mr. Bolden complied with those requirements. Isn't there also a requirement that an affidavit is supposed to accompany the motion? Mr. Bolden did. I'm not certain of that, but Mr. Bolden did. You're not certain an affidavit was attempted? He filed a written notarized motion, which could act like an affidavit. I'm not certain about the affidavit requirement. I would have to review the statute for that. That's not the basis for any objection by the State, however, that he failed to file an affidavit. But you're not saying that's not something the court can't consider? No, sir, I'm not. I would have to look at the statute, which I'm happy to do during the State's argument, if you like. Are you saying there is no affidavit in the record? Right. That's correct. But you're also saying the motion could be considered an affidavit. He filed a written notarized motion, yes, Your Honor. And it sort of the purpose of an affidavit, because he was filing it pro se, it had narrative language in it. Exactly. You've articulated exactly what I've failed to articulate myself. Did he file an affidavit with his affidavit like his motion? Pretty much, yes, ma'am. I mean, he argued that he outlined the facts that had taken place, which is that Judge Burns, during the course of trial, remarked that he would not find any effectiveness, any effective assistance of counsel based on the Lynch proceedings. And then when Mr. Bolden filed a post-trial motion alleging ineffective assistance of counsel, based on those Craneville proceedings, Judge Burns did not address those claims. And so that was when the bias was made manifest to Mr. Bolden, and that was the basis for his claim. Okay. That's not the motion that was notarized. It was the later motion that was notarized. Right. His post-trial motion was not notarized. That's right. It was filed pro se and not notarized. But the motion that he filed for substitution of judge after this court remanded the matter back for that preliminary Craneville inquiry, that one was notarized. Well, let's talk about the first one, because the first one is really the important one, isn't it? The first motion he filed, if I'm understanding your answer to Justice Pachinski, was not notarized or verified. Correct? Are you talking – so Justice Pachinski mentioned the first motion being his post-trial motion for Craneville. Right. Is that the one you're referring to? Right. That's correct. That was not notarized. Is that – I mean, it was a pro se filing, not notarized. I'm not certain that there is a requirement that pro se post-trial motions have a requirement to be notarized. Okay. And then – but as far as the – what do you mean by notarized with regard to the SOJ? His motion was – it was signed by a notary. He filed it from prison and it was signed by a notary. The second motion. Well, it's the first SOJ motion that he filed. Okay. Right. Okay. So he filed a number of motions, right. So the first SOJ motion that he filed, which was when this court remanded it back for the preliminary Crankle inquiry before Judge Burns. Upon his first appearance in court before Judge Burns, he filed a written notarized motion seeking a substitution of judge. Okay. So that's something I'd refer to as a verified motion. He swore to all the allegations in the motion for substitution of judge. Correct. And it was notarized. Correct. And in effect, we would argue – I'm arguing if there is an affidavit requirement, this certainly satisfied that. Because an affidavit would be a swearing that everything contained therein was, you know, true to the best of his knowledge. And that's what he – that's what he did when it was notarized. And that language is in it. I believe so. I don't have the record. And this is – again, I inherited this case, so I did not read the record myself. I'm writing – I wrote the reply brief and did my oral argument preparation in the absence of the record. So the record is – I believe I have notes on the record, so I can refer to – I can refer this court to the page number of his motion if you like. I don't have that with me in this moment. We'll see. Okay. So, okay. So as I was saying, the matter is not whether or not the SOJ motion should have been granted or whether the Crankle inquiry was adequate. Instead, this issue is procedural. Judge Clay refused to follow the mandatory language of 114-5 in the SOJ statute. And this error requires a remand for a proper procedure. The SOJ motion was first filed on remand. Yes, sir. Why should it have been filed two years previously? Because everything that was known to Mr. Bolden was known two years before, before the appeal that resulted in it being sent back. If there was any prejudice by that judge, why would he wait two years to raise that prejudice? Mr. Bolden filed the SOJ motion at the first opportunity he had before that trial court. No, no. He had a full opportunity in 2013. He raised ineffective assistance of counsel, right? And that ineffective assistance of counsel goes to the heart of why he raised the issue of the SOJ. He said that the judge had biased or shown himself to be biased with regard to that issue of the Crankle hearing. So he knew all that. Nothing happened after the time of that 2013 motion that was the judge did. I mean, everything the judge did happened not only prior to April of 2013. It happened actually in February of 2013. So it was all known. So we're pretty far, you know, there's no reason he shouldn't have raised it then. You're supposed to raise it at the earliest opportunity, aren't you? Well, that's my question. Are you supposed to raise it at the earliest opportunity? That's correct. You are supposed to raise it at the earliest opportunity. So how could this be the earliest opportunity two years later after the very issue has been before the judge? The earliest opportunity that Mr. Bolden had was after the judge refused to hear his Crankle motion. So there was nothing on the record for him to substantiate his allegation of bias because the judge had not acted yet. What do you mean? Because the judge denied it? Is that what you're saying? Because the judge denied it, does that mean he was prejudiced? So the act of the judge denying the motion was a prejudicial act? The act didn't – well, in fact, what happened – okay, so let me just go back in time a little bit so I can make a more complete answer to your question. During the trial, there was a Crankle – I mean, there were lynch proceedings. And during the time of those lynch proceedings, Judge Burns said that he would not find any ineffectiveness based on the lynch proceedings. At that point, Mr. Bolden had – that's when – that gave rise to his suspicion about judicial bias, but the court had not taken any acts at that point. After trial, when the lynch material was not introduced at trial, then Mr. Bolden filed an ineffective assistance of counsel claim, arguing that his lawyer should have introduced additional lynch material. And the judge didn't really even deny that post-trial motion. The court refused to hear it. It was not ruled on at court. Judge Burns. Judge Burns refused to rule on it or – it's not clear whether Judge Burns refused to rule on it or overlooked it or ignored it. But in any event, there was no ruling, and his case was finalized in the absence of a ruling on the post-trial motion. So when Judge Burns did not rule on the post-trial motion, that was the act that manifested bias for Mr. Bolden. But at that point, this court was already ruling – this case had already been gone up on appeal. And Mr. Bolden can't have filed an SOJ motion in the appellate court. And the trial court had lost jurisdiction. This is exactly the similar situation to the 2001 Jones case from the Illinois Supreme Court. There, the case was remanded back for a new trial. The defendant at that point did not make an SOJ motion before the appellate court had the case. The case was remanded back for a new trial. And the first thing that the defendant did in that case was file an SOJ motion. And just like Judge Clay did in this case, that court – the court that was named in the SOJ motion elected not to hear it, finding that it was untimely. And the Illinois Supreme Court determined that when the trial court had yet to rule on any substantive motion upon remand, that was a timely SOJ motion. So those – it's completely analogous to this case. The very first time that Mr. Bolden went into court on remand, he filed his SOJ motion. There had been no substantive rulings on the Krenkel issue. There had been no inquiry into the – no Krenkel inquiry. That's the first thing he did. You're saying that the act of prejudice, the cause, was Judge Burns' refusal to rule. Is that right? Is that – that's your position? Yes. On the other hand, I thought, based upon your brief, particularly the opening brief, that the prejudice was a judge's statement in February of 2013. That was the act of prejudice. Which statement? I'm sorry. The statement that he – on the Lynch proceeding, that he – that everything was fine and he wasn't going to find any ineffective assistance of consent. That was the statement. That is the Lynch pin, so to speak. Sorry for the pun. Right. But that is what really is at issue. And what the briefs all talk about is that discussion by the judge. But you're saying, no, that has nothing to do with this motion. Yes, it does. Because you're trying to – you're saying, no, no, it's his refusal to rule. A refusal to rule doesn't necessarily show bias of a judge. Okay. Apparently in this case. But when you're arguing that that's the – I don't think your briefs argue that that's the act. I think your briefs argue that it was the judge's statement. The judge's statement was not an act. So that's why I'm trying to make sure. It's not an act? It's not an act. Are you sure that's not the basis of a prejudice? It is. It is what gave Mr. Bolden the notion that Judge Burns was biased against him. Because he said, I'm never going to find ineffective assistance of counsel, in essence. But had Mr. Bolden filed an SOJ at that time, he would not have been substantiated by any actual act. It's a prediction. And only when Judge Burns refused to rule on his motion did it become clear that he predicted he would not find ineffective assistance of counsel. Before hearing the whole trial, he made a pretrial determination. Did he bring the motion before he filed his appeal at that time? Because after the judge had ruled, he could have filed – or asked us in the appellate court to assign a new judge. Certainly. And that's an argument that the state makes, that Mr. Bolden should have made this argument in the appellate court. However, the reason – the cases that the state cites for this, there is no case that the state cites that says that that's required, that the defendant must ask for a different judge. And in fact, the cases that the state cites, it's not clear from those opinions whether or not the defendant asked for a new judge on the basis of bias or whether the court, sua sponte, referred the cases back to a different judge. So Jolly and the 2016 Jones cases don't contain language in those opinions that the defendant sought a different judge or whether this court, recognizing bias on the part of the original trial judge, sent it back to another judge. And the Jackson case, the defendant also had waived its claim of judicial bias, but this court heard it nonetheless, despite the waiver, on the basis of – analyzed it under the second prong of plain error. So there is no case that says the defendant is required to hear to request a different judge. And then – but even – we'll put a pin on that, whether or not it's required or not, but we can play out how that would have – we can think about how that might have played out. Had this – had Mr. Bolden asked for a new judge and it had gone back to Judge Clay and Judge Clay refused to hear the SOJ motion, then we would be in the same exact position, where if the trial court did not follow the proper procedure as outlined by 114-5 and hold a hearing – conduct a hearing on the claims of bias, then we would have been right back in the appellate court. I mean, it's really – the focus of this case is on the procedure that Judge Clay refused to follow in the mandatory language of 114-5. And there are no cases that say that it was proper for Judge Clay to ignore the plain language of the law. And if there was a case, the state certainly would have cited it. There's no case that requires a defendant to request a different judge on remand for a crankle inquiry. And if there was such a case, the state would have cited it. So there are no procedural cases that the state can use to respond to this procedural argument. The solution is a procedural one. The matter must be remanded for a proper 114-5 hearing. If there are no other questions. Thank you. Thank you, Ms. Alder. Good morning again, Your Honors. Mary Hudson here on behalf of the state. This is a very unique case. And I agree, it's a very simple case. However, I want to set the record straight. I have – in reviewing the defendant's motion for substitution, there is no affidavit attached. Do you know why? Well, that's a condition proceeding. It must be implied. In order to have a hearing under 114-5D, three things must be met. It must be made at the most practical moment. It must contain substantiated claims of bias. And it also must have an affidavit attached. What are the claims of bias in this case? There seems to be a disagreement between your opponent. Well, they're not on the face of the – We're not going to get into briefs. But it's not – it does not appear on the face of the motion for substitution of judge. There is no claim of bias of this judge. What the claim is, is that the judge emphatically stated he wasn't going to find ineffective assistance of counsel. Can that be the basis for a claim? It's our position that it cannot. Why? Because in order to establish prejudice or bias, which they must establish in order to have a hearing before SOJ, you must establish that this judge is biased. That means animosity, ill will, hostility, distrust. None of that's contained in this motion for substitution of judge. Is there also a requirement that it be extrajudicial? Exactly. And what the motion looks at and what defendant is arguing, this is not extrajudicial. This is based on a hearing that the judge had. It's based on statements that the judge made during the hearing. It's based – later on, the argument is that this judge is biased because he's already decided that I have no ineffective assistance claim. So was there a requirement that this motion be sent to another judge? It's our position that there was no requirement because it's facially invalid. It doesn't meet the three requirements. It's our position that there was no requirement. It was when the judge said, I'm not going to find ineffective assistance of counsel. That's the earliest possible moment was at that time. Let's say the next earliest opportunity the defendant had to raise this was at his post-trial motion when he alleged ineffective assistance of counsel. And counsel's wrong. Judge Burns did not have a hearing on this. Judge Burns did not make a decision. Judge Burns did not reject his claim. What you will see from the prior opinion, the reason it was sent to the preliminary Kringle reunion is because the record showed or it was marked received on the same date as his sentencing hearing, and then it was marked filed three days after. The next court date was April 9, 2013. There's nothing in the record that the defendant was present. There's nothing in the record that this motion was even considered. So the Judge Burns, for all we know, didn't even see the motion. So then they filed a post-trial motion saying ineffective assistance of counsel. Judge Burns should have had the preliminary Kringle. So at that point when he filed the post-trial motion, he should have raised the bias. The next opportunity he had when he filed his motion is notice of appeal. That's when he should have raised it. He didn't. So Arnett alone never brought this issue at the practical moment, the earliest practical moment. Second, there is no claim of bias here. This judge wasn't biased. There's nothing to show you. Well, let's get back into the merits. With regard to the motion, was it notarized? No, it wasn't notarized. But counsel just said the motion was notarized. That's what I just said. Yes, you're right. Your honor, it was notarized, and what was notarized was the certificate of service that they served it on the people. There wasn't any. No, there wasn't. The motion itself is not verified or notarized. Exactly. Just notice. The certificate of service was notarized. The certificate of service. It's very clear from that document that nothing with regard to the motion itself. Exactly, your honor. So that's another reason. I have a question about the very first time that Judge Burns says, I'm not going to find ineffective assistance of counsel. Mr. Bolton's attorney was standing right there, right? Yes. So human nature being what it is, we can just assume that this attorney is not going to jump up and say, oh, wait a minute, wait a minute, your honor, yes, I've been ineffective. No, that's correct, your honor. So what was Mr. Bolton supposed to do at that point? Well, and that's why I'm saying it's the earliest practical. But even if you find that he wouldn't have been able to do it at that point because it was just right after the hearing on the lynch material and after the judge heard the witnesses, the earliest practical would have been at the post-trial motion when he's alleging ineffective assistance of counsel. Knowing that what the judge said at the particular time. Was it the same attorney? That he's alleging ineffective assistance of counsel against? Yes. In the post-trial motion? Yeah. Well, he would say he had ineffective assistance of counsel at his trial. And the same, it was the public defender who represented him at the lynch hearing and at trial. Okay. But it's the defendant's post-trial motion, ineffective assistance of counsel. Okay. Requesting. All right, thanks. Am I correct that in your response, you did not argue that the motion was neither verified nor motorized? You're correct. And when I was preparing for oral argument, I realized that. But that's only one grounds that oral hearing is not required. Earliest practical moment. Well, so maybe the earliest practical moment could have been exactly when he filed it because apparently because of the filing that you went through, the judge may not even have known about the motion at the time of the hearing in April. And so he didn't rule on it. There was the appeal. And then the next time he came back, that was the right time for him to file it. There he was. But also, he could have alleged at that time, just because the judge didn't see the motion and we're not sure of that based on the record, but at that time, at that earliest practical moment, when you believe that there's judicial bias, you will put that in your motion for ineffective assistance of counsel. They're saying that they didn't know there was bias until such time as he, because the judge actually did not rule on the motion. All right. Well, then you take an appeal on it, and when they didn't repeal it quickly, you raise the substitution of the judge. There's nothing that says you have to put that in the motion. That's correct. In the appeal. But the statute's clear. It's earliest practical moment, substantial claim, not just an allegation of maybe prejudice. It's got to be actual prejudice. And there's nothing on this motion that alleges substantial prejudice, that there was animosity, ill will, or distrust on the part of this judge. It was a ruling by the judge. He's attacking the ruling by the judge and the statements that the judge made as part of the ruling. But the record states when the judge made those statements, he said at the very end, as of now. So the judge may have been limiting, I'm not going to find any ineffective assistance right now for your counsel's failure to interview these witnesses after the hearing, for now, as of now. So, you know, the hearing was not warranted in this case because. I don't see how we can get into the merits. That's not for us to get into the merits. But procedurally, if that wasn't followed. Right. There's something wrong. And it sounds like you waived that argument and not raised it. Well, yeah. You didn't raise the argument that there was a. That is correct. However, a reviewing court may affirm on any grounds, regardless of whether the trial judge relied on these grounds. And, you know, it was in preparation. Was it, it was an oversight? Yes, it was. But we still get back to the point, the earliest practical moment when this could have been raised. And additionally, when you look at this case, you had a mandate from this court sending it back to the trial court. The defendant, in his request for the Krankel hearing, specifically said it was aired on part of the trial court. So this is specifically requested that it be sent back to the trial court for the Krankel hearing. So this court, in its mandate, said send it back to the trial court, which was Judge Burns. Judge Clay realized it. She recognized that this is supposed to go back to the judge. Well, there's no reason that this. The appellate court would have said send it back because there was no reason not to because nobody had raised the SOJ. So the earliest possible opportunity was when it was raised. And that's why the defendant properly said it to Judge Clay. And she may or may not have made the right decision in it. Had defendant raised it at the earliest practical moment, when this court on appeal would have seen that there was an allegation of SOJ, this court's mandate would not have been as narrow and sent it to the trial court. It may have reassigned it to a different judge. The defendant is criticizing these judges for doing what they did. They did what was proper. It was in the appellate court mandate where it said send it back to Judge Burns. And they were struggling with it, too. They weren't sure. Well, it says specifically so they followed the mandate. It's pure and simple. They followed the mandate. The defendants did not. But once they filed the mandate and it got back to Judge Burns, he was like, oh, wait. This is the same judge that's already predetermined that at that particular moment in time when he found out that the attorney had not properly or timely or effectively interviewed this witness, oh, I'm going to decide there's no ineffective assistance of counsel. So the first time the defendant knew for sure that it was going to go back to Judge Burns was when he's standing in front of Judge Burns, the same judge that said, I'm not finding an effective assistance of counsel on this particular behavior of the lawyer. And this is the same behavior of the lawyer that the defendant is complaining about that he says the judge should have decided on, that the judge didn't decide on. So you've got yourself in this sort of endless loop. How is the defendant supposed to get out of it? Well, in this case, the defendant specifically requested that it be sent back to the trial court for further critical hearing. He didn't say send it back to a different judge because at that time the defendant knew what the judge said. Did he file his appeal pro se? I'm not positive on it. I'm suspecting perhaps. Perhaps. It's a very interesting case. And, you know, when I was assigned it, I was very excited when he assigned it. So unless there are any further questions. Thank you. Yes, thank you. You're welcome. Thank you. Just a couple of points. Everybody keeps talking about the earliest practical moment. And I would just redirect our attention to the SOJ, the language of the SOJ statute, that says that a motion for substitution of judge may be filed at any time. And the language of the Illinois Supreme Court is that, that directs that it needs to be followed, to be filed at the earliest practical moment. And the case that repeated that language was the 2001 Jones case where this court sent the matter back for a new trial, and at that point that was the first time that the defendant made an SOJ motion, and the trial court denied it for saying it was untimely, and the Illinois Supreme Court sent it back saying that that was the earliest practical time that it could have been filed, and it was properly filed in the trial court upon remand. Let's talk about the notarization that you read. We were just told that the notarization had to do with the service and not with the motion itself. Do you read it? Again, I don't have the record. I will have to. But you made a statement to us that to me is. I believe it was in the case. Because if, as Justice DeVille stated at the inception of the argument, certain things have to be done in order to have a proper motion to be sent to another judge to decide the issue of cause. And one of those requirements is that it has to be verified or maybe notarized might not be OK. But in this case, if the notary had to do with service and not with the motion itself, then this was an unverified, unnotarized, which is whatever it was, which is not what the statute requires. The statute does require certain things. So, I mean, that goes to the heart of the case. OK. Well, my response to your point is that this was a pro se defendant and that the Illinois Supreme Court has ruled in the Smith case that the SOJ statute should be liberally construed to promote rather than to defeat the application for substitution. That's a requirement. But the statute itself requires that to happen. It says right there it has to be an affidavit. So the certificate of service was filed separately than the motion? I don't know if it was or not separately, but if the signature, the notary was regarding the service as opposed to the statements and the motion itself, that's a different. Well, in the absence of having the record for me to page through, I would submit that most of these filings are filed in a bundle and he would not have sent the certificate of service that is notarized in the absence of the actual motion itself that was being served under the certificate of service. So I would argue that that elevates, you know, that that does not elevate the spirit of the SOJ motion and the SOJ statute requires a hearing. And I understand what you're saying, but I would say that in response, again, this was a pro se defendant who was alleging that the trial court was biased against him and his lawyer had provided ineffective assistance of counsel. So in the absence of counsel, he may not have been able to or understood the requirements of, you know, that specific affidavit requirement. Anything further? No, we ask that this court vacate the Krenkel inquiry finding and remand for a proper hearing on the 114-5 motion. Thank you. Thank you. Ms. Oldham, Ms. Hadson-Buehler, the court would like to thank the two of you for your briefs and your arguments. You've presented a very interesting question to this court, maybe even a question of first impression. This matter will be taken under advisement and this court stands in recess.